UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00728-GNS-RSE

GERRY EUGENE LAWSON                                                                   PLAINTIFF

v.

LOUISVILLE METRO
DEPARTMENT OF CORRECTIONS, et al.                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Motion for Summary Judgment on behalf of Defendants Correct Care Solutions, Marc Krank, and Dr. Smith (collectively, "Defendants") (DN 97), Plaintiff's Motion for Medical Records (DN 106), Plaintiff's Motions to Appoint Counsel (DNs 109, 110, 112), Plaintiff's Objection (DN 117) to the Magistrate Judge's Findings of Fact and Recommendation (DN 113), Plaintiff's Motion for Reconsideration (DN 119), and Plaintiff's Motion to Disallow Defendants' Motion for Summary Judgment (DN 124). These matters are ripe for adjudication. For the reasons that follow, Plaintiff's Objection is **OVERRULED**, the Magistrate Judge's Report and Recommendation (R&R) is **ADOPTED**, Defendants' motion for summary judgment is **GRANTED**, and Plaintiff's remaining motions are **DENIED**.

### I.     BACKGROUND

#### A.     Statement of Facts

Plaintiff Gerry Eugene Lawson ("Lawson") initiated this lawsuit while a pre-trial detainee at the Louisville Metro Department of Corrections ("LMDC"). (Defs.' Mot. Summ. J. 1, DN 97; R&R 2, DN 113). Lawson alleges that during his time at the LMDC he was abused, threatened, and denied proper mental health treatment in violation of his constitutional rights. (R&R 2).

1

Specifically, he alleged in detail that he was not receiving his prescribed medication, was ignored by LMDC staff, and was threatened for asking for assistance. (R&R 2-3). Following initial screening pursuant to 28 U.S.C. § 1915A, this Court outlined Lawson's claims:

> Plaintiff alleges deliberate indifference to his serious medical/mental health needs; being threatened for complaining/grieving about the lack of treatment and being "placed in segregation for acting out"; failure to train/supervise employees of [Correct Care Solutions], Seven Counties Services, LMDC, and Louisville Metro Government in the delivery of mental health care services to inmates in LMDC; a policy/custom of not continuing previously prescribed medication due to cost ("'it is not on the formulary'"); and a conspiracy to deny him mental health services.

(Mem. Op. & Order 2, DN 25).

### B. Procedural History

On June 12, 2017, Lawson filed a Second Amended Complaint against Louisville Jefferson County Metropolitan Government; Greg Fischer, Mayor of Louisville; Mark Bolton, Director of the LMDC; Correct Care Solutions ("CCS"), medical services provider for LMDC; and Dr. Smith, psychiatrist for CCS at LMDC. (Second Am. Compl. 1, DN 19). A previous Memorandum Opinion and Order of this Court identified additional Defendants mentioned by Lawson by name but not explicitly enumerated in his Second Amended Complaint: Marc Krank ("Krank"), mental health worker for Seven Counties Services; Robert and Roberta Roe, unknown "High Management Officials [for] CCS;" and Martin Baker, mental health worker for CCS at LMDC. (Mem. Op. & Order 2). On March 19, 2019, CCS, Dr. Smith, and Krank moved for summary judgment.[1] (Defs.' Mot. Summ J.). Lawson responded. (Pl.'s Resp. Defs.' Mot. Summ J., DN 101). On May 31, 2019, Lawson moved to obtain medical records from third parties, and Defendants responded. (Pl.'s Mot. Medical Rs., DN 106; Defs. Resp. Pl.'s Mot. Medical Rs., DN 107). Lawson then filed

---

[1] This motion for summary judgment does not analyze the claim against CCS for its alleged failure to train/supervise. As such, summary judgment cannot be granted on this claim.

several motions to appoint counsel. (Pl.'s Mots. Appoint Counsel, DN 109, 110, 112). On October 10, 2019, the Magistrate Judge issued the R&R recommending that Defendants' motion for summary judgment be granted and that Lawson's remaining motions be denied as moot. (R&R 1). Lawson objected and moved for reconsideration. (Pl.'s Obj. R&R, DN 117; Pl.'s Mot. Recons., DN 119). Finally, on February 24, 2020, Lawson moved to disallow Defendants' motion for summary judgment. (Pl.'s Mot. Disallow Defs.' Mot. Summ. J., DN 124).

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment as a matter of law is appropriate when the evidence is "so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial. *Anderson*, 477 U.S. at 248.

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual dispute exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-

movant's] position will be insufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252.

In general, the district court conducts a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). In conducting its review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. General objections or the mere repetition of arguments previously presented to the Magistrate Judge, however, are construed as a failure to object. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.").

## III. DISCUSSION

Defendants' motion for summary judgment argues that Lawson's claims should be dismissed because he failed to exhaust administrative remedies and that the claims fail on the merits. (Defs.' Mot. Summ. J. 4, 6). The Magistrate Judge concluded that there was a genuine issue of material fact as to whether Lawson exhausted his administrative remedies but that his claims fail on the merits regardless. (R&R 6). Lawson both objected to the R&R and moved for reconsideration. (Pl.'s Obj. R&R; Pl.'s Mot. Recons.).[2]

### A. Exhaustion of Administrative Remedies

It is uncontested that the Prison Litigation Reform Act mandates that a prisoner must exhaust prison and state administrative remedies prior to filing a Section 1983 lawsuit in federal

---

[2] Lawson's motion to reconsider the motion for summary judgment is procedurally improper because this Court had not yet ruled on the motion for summary judgment at the time Lawson filed

4

court. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007). Defendants contend that Lawson did not satisfy his "burden to prove exhaustion of administrative remedies with respect to each claim ***and each defendant*** . . . ." (Defs.' Mot. Summ. J. 5 (emphasis in original)). As the Magistrate Judge points out, however, under *Jones*, a failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. (R&R 7-8); *see also Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) ("When the defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies." (quoting *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012)). The Magistrate Judge determined that Lawson had documented his attempt to grieve his issues, but that Defendants did not provide evidence to support their contention that Lawson failed to exhaust all potential administrative remedies. (R&R 8-9). As such, there was a genuine issue of material fact as to whether Lawson fully exhausted his available administrative remedies. (R&R 6).

Because Defendants have not objected to this finding in the R&R, this Court will accept the well-reasoned recommendation of the Magistrate Judge on this point. *See United States v. Elmore*, No. 3:16-CR-128-CRS, 2019 WL 6565734, at *3 (W.D. Ky. Dec. 4, 2019) ("To the extent that no objection [to an R&R] is filed, the arguments are waived." (citing *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 147-48 (1985))).

---

his motion for summary judgment. Moreover, this motion is largely duplicative of Lawson's Objection to the R&R.

B.     **The Merits of Lawson's Claims**

1.     *Deliberate Indifference to a Serious Medical Need*

Lawson claims that his treatment at the hands of Dr. Smith and Krank constituted deliberate indifference to a serious medical need in violation of the Eighth Amendment. (Second Am. Compl. 24, 27).[3] A claim for deliberate indifference includes both an objective component and a subjective component: "The objective component requires the plaintiff to show that the medical need at issue is 'sufficiently serious . . . [while the] subjective component requires a showing that the 'official [knew] of and disregard[ed] an excessive risk to inmate health or safety.'" *Huq*, 885 F.3d at 938-39 (citing *Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994)). In other words, a "prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer*, 511 U.S. at 837-47.) This standard requires a high showing by the plaintiff, such that mere "differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim." *Ward v. Smith*, 100 F.3d 958, 1996 WL 627724, at *1 (6th Cir. 1996) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir.1976)).

First, the Magistrate Judge concluded that Lawson's mental health component satisfied the objective part of the test and no parties have objected to that determination. (R&R 11). Second, the Magistrate Judge concluded that Lawson "was seen extensively by healthcare staff during his

---

[3] As noted by the Magistrate Judge, it appears that Lawson was a pretrial detainee at the time the allegedly unconstitutional acts occurred, which would mean his protections arose from the Fourteenth Amendment rather than the Eighth Amendment. (R&R 9 n.2). Regardless, this distinction does not impact the analysis. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) ("The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees." (internal citation omitted) (citation omitted)).

detention at LMDC" and therefore could not establish the subjective component of the test. (R&R 11). Lawson's primary objection to the R&R is that LMDC failed to properly address his suicide attempt and should have placed him under suicide watch. (Pl.'s Obj. R&R 2). Relatedly, his primary contention in the Second Amendment Complaint was that he was not given proper medication to treat his mental illness, namely Seroquel, which he claims was previously prescribed to him. (Second Am. Compl. 4).

Lawson's arguments are meritless and contradictory. While Lawson may not have been prescribed Seroquel, a review of Lawson's medical records shows that while incarcerated he was prescribed a host of medications meant to improve his mental health, namely Remeron, Prozac, Celexa, and Zyprexa. (Defs.' Mot. Summ. J. Ex. A, at 2, 7, 16, 27, 33, DN 97-1). Lawson's contention that he should have instead been prescribed Seroquel amounts to nothing more than a difference of opinion between Lawson and prison medical staff regarding the proper course of treatment. Similarly, Lawson's emphasis on the LMDC's alleged failure to place him on suicide watch is unavailing and contradicted by his own account of the facts. His Complaint acknowledges that Dr. Smith asked him if he was suffering from suicidal thoughts and that an answer in the affirmative would have resulted in Lawson being placed in a "turtle suit," i.e. an anti-suicide suit. (Second Am. Compl. 14). Lawson's complaint also states that Krank similarly "threatened" to place him in a "turtle suit." (Second Am. Compl. 23). In other words, Lawson contends in his objection that Dr. Smith and Krank were deliberately indifferent when they failed to protect him from suicide, even though his earlier Complaint suggested that Defendants' attempts to protect him from suicide amounted to abuse. As a final note, the grievance forms submitted by Lawson make clear that he was seen extensively by mental health staff during his time at LMDC. (Second Am. Compl. Ex. 1, at 5, DN 19-1). As such, it is clear that Defendants took substantial steps to

provide proper mental health treatment to Lawson. Lawson's mere displeasure with the course of the treatment or the medications prescribed to him does not amount to deliberate indifference.

Lawson also contends that granting Defendants' motion without additional discovery would be premature under Fed. R. Civ. P. 56(d). (Pl.'s Obj. R&R 3). To the contrary, the deadlines for discovery and for filing dispositive motions have long since passed, and Lawson makes no attempt to explain what discovery he needs now that he could not have previously obtained. (Am. Scheduling Order 1-2, DN 65). As such, summary judgment is granted in favor of Dr. Smith and Krank with respect to the Section 1983 claims made against them in their individual capacities.

### 2. *Official Capacity Claim Against CCS and Dr. Smith*

As explained in detail by the Magistrate Judge, a private corporation performing a traditional state function can only be liable under Section 1983 when the alleged deprivation of the plaintiff's rights is the result of an official policy or custom. (R&R 12); *see Griffin v. S. Health Partners, Inc.*, No. 1:12CV-P174-M, 2013 WL 530841, at *5 (W.D. Ky. Feb. 11, 2013). The Magistrate Judge thoroughly reviewed the record and concluded that "Lawson has failed to plead, argue, or produce any evidence that he was subject to a deprivation of federal rights *pursuant to an official policy or custom of CCS*." (R&R 12 (emphasis added)). Lawson has not objected to this determination and has thereby waived his right to do so. *See Elmore*, 2019 WL 6565734, at *3. Accordingly, this Court will grant summary judgment in favor of Defendants with respect to the Section 1983 claim against CCS and Dr. Smith in their official capacities.

### 3. *Conspiracy*

The Sixth Circuit has clarified that a Section 1983 conspiracy claim requires a showing of (1) a single plan, (2) that the alleged coconspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that caused injury to the

8

complainant. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985) (citations omitted). The Magistrate Judge reviewed the record and found no allegation or evidence to support the notion that the Defendants had a single plan or conspiratorial objective to deprive Lawson of his constitutional rights. (R&R 14). Lawson has not objected to this determination or otherwise elaborated on his conspiracy claim. *See Elmore*, 2019 WL 6565734, at *3. This Court will grant summary judgment in favor of Defendants on the conspiracy claim.

4. ***Retaliation and Threats Claim Against Marc Krank***

"Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution." *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citation omitted). A First Amendment retaliation claim requires a showing of three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (citations omitted). The Magistrate Judge concluded that "Lawson provided no material facts to substantiate his claim that Defendant Krank retaliated against Lawson with respect to filing grievances at LMDC." (R&R 16). To the contrary, the Magistrate Judge noted that LMDC only places an inmate on suicide observation if he poses a threat to his own safety. (R&R 17). As such, the Magistrate Judge found that this action taken for a prisoner's well-being would not deter a person of ordinary firmness from exercising his right to file a grievance. (R&R 17). Lawson has not objected to this finding, so the motion for summary judgment in favor of Krank on this Count will be granted. *See Elmore*, 2019 WL 6565734, at *3.

### 5. *Remaining State Law Claims for Medical Negligence*

Finally, the Magistrate Judge has recommended that this Court decline to exercise supplemental jurisdiction over Lawson's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). While Lawson has also not objected to this recommendation, this Court is sympathetic that Lawson, as a *pro se* plaintiff, might not understand that dismissal of his state law claims is not mandatory here. In fact, this Court's discretion to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) is only triggered if "the district court has dismissed *all* claims over which it has original jurisdiction . . . ." (emphasis added). Here, even though Lawson's federal claims pertaining to Defendants CCS, Dr. Smith, and Krank are dismissed, there are still pending federal claims against other defendants. As such, dismissal of the state law claims on jurisdictional grounds is improper. *See Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607-08 (7th Cir. 2008) (holding that 28 U.S.C. § 1367(c)(3) was not triggered by the dismissal of all federal claims against one defendant because there were still pending federal claims against a co-defendant).

Even so, Lawson's state law claims are meritless. Lawson has failed to identify any particular Kentucky statute or constitutional provision that Defendants have allegedly violated,[4] but this Court has previously interpreted Lawson's Second Amended Complaint as asserting state law claims of negligence and medical malpractice. (Mem. Op. & Order 2). Under Kentucky law, a negligence action requires proof that "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the standard by which his or her duty is measured, and (3) consequent injury." *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003) (citation omitted). In a medical

---

[4] Insofar as Lawson claims violation of the Kentucky Constitution's prohibition on cruel punishment, that provision does not afford more rights than its federal counterpart. Ky. Const. § 17; *Riley v. Commonwealth*, 120 S.W.3d 622, 633 (Ky. 2003).

malpractice action, the plaintiff is "generally required to put forth expert testimony to show that the defendant medical provider failed to conform to the standard of care," unless "the jury may reasonably infer both negligence and causation from the mere occurrence of the event and the defendant's relation to it . . . ." *Blankenship v. Collier*, 302 S.W.3d 665, 670 (Ky. 2010) (internal quotation marks omitted) (quoting *Perkins v. Hausladen*, 828 S.W.2d 652, 655-56 (Ky. 1992)). In other words, a medical expert may not be needed when "the common knowledge or experience of laymen is extensive enough to recognize or to infer negligence from the facts." *Adams v. Sietsema*, 533 S.W.3d 172, 179 (Ky. 2017) (citation omitted).

Given that Lawson's state law claims pertain to the medical treatment he received from Dr. Smith and Krank, as employees of CCS, his claim against Defendants is one for medical malpractice, not mere negligence. Moreover, Lawson's claims are not such that a layman could easily understand them without the assistance of a medical expert. To the contrary, his primary complaint is that he was not prescribed Seroquel while incarcerated. (Second Am. Compl. 4). As previously noted, a review of Lawson's medical records shows that while incarcerated he was prescribed a host of medications meant to improve his mental health, namely Remeron, Prozac, Celexa, and Zyprexa. (Defs.' Mot. Summ. J. Ex. A, at 2, 7, 16, 27, 33). Whether prescribing these medications instead of Seroquel or another drug constituted a failure on the part of Defendants to comply with the relevant "standard of care" is certainly an issue that would necessitate expert testimony. The discovery deadline has passed, and Lawson's pretrial memorandum makes no reference to any intention to call an expert witness. (Pretrial Mem., DNs 88, 89). Because Lawson has not indicated that he will call an expert witness, he will be unable to prove his state law medical

negligence claims against Defendants. Accordingly, summary judgment is granted in favor of the Defendants on all of Lawson's state law claims.

### C. Lawson's Remaining Motions

Lawson has several additional pending motions that are unrelated to Defendants' motion for summary judgment. Lawson has made three motions for appointment of counsel, and he has moved for medical records. (Pl.'s Mots. Appoint Counsel; Pl.'s Mot. Medical Rs.). The Magistrate Judge recommended that these motions be denied as moot. (R&R 17). However, because Lawson still has pending claims against other Defendants, it would be improper to consider these motions moot. Even so, these motions will be denied.

First, regarding the motions to appoint counsel, Lawson has repeatedly moved this Court to appoint counsel throughout this case, and this Court has repeatedly denied this request. (Mem. Op. & Order, DN 15, 24, 59, 84, 94, 118). As recited *ad nauseum* by this Court, appointment of counsel in a civil case is justified only by *exceptional circumstances*. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citation omitted). Lawson's motions do no more than repeat his previous claims that he is suffering from a mental illness and needs legal assistance.[5] As noted repeatedly and more thoroughly in this Court's previous orders, Lawson's mental illness standing

---

[5] Lawson's motions for counsel as well as his motion to disallow Defendants' motion for summary judgment are primarily concerned with the fact that Defendants' motion for summary judgment was filed one day late, but this Court has the discretion to consider motions that are filed after the relevant deadline. *See Nautilus Ins. Co. v. SOCAYR SFH, LLC*, No. 3:19-CV-00485-GNS, 2020 WL 265207, at *2 (W.D. Ky. Jan. 17, 2020) (noting that federal courts prefer to reach the merits of a case rather than dismiss on technical grounds) (citations omitted). Moreover, this circumstance was in part caused by the Court because the order granting Defendants motion to extend the filing date to March 18, 2019, was dated March 29, 2019, at which time this Court should have been aware that Defendants had not actually filed their motion until March 19, 2019.

alone does not rise to the level of exceptional circumstances to warrant this Court's appointment of an attorney.

Second, Lawson's motion for medical records is really a request to have this Court acquire such records from his third-party medical providers, which Lawson identifies as Ten Broeck Hospital and Seven Counties Services, Inc. (Pl.'s Mot. Medical Rs. 2). Lawson states that these records will demonstrate his mental illness and that he should not have been abused at LMDC. (Pl.'s Mot. Medical Rs. 2). Generally, a party has subpoena powers pursuant to Fed. R. Civ. P. 45, but this power is limited when a party proceeds *pro se*. Lawson here does not explain why he should be allowed to subpoena third parties now when this motion was filed nearly six months after the close of discovery. (Am. Scheduling Order 2). Insofar as Lawson's motion is a request to modify the Amended Scheduling Order pursuant to Fed. R. Civ. P. 16(b)(4), he has failed to show good cause. His only stated reason for seeking records now—to prove his mental illness—is unpersuasive because Lawson's mental illness appears to be uncontested, is already well-documented in the record, and is accepted by the R&R. (Defs.' Mot. Summ. J. Ex. A; R&R 11). His motion is denied.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion for Summary Judgment (DN 97) is **GRANTED**, and Plaintiff's claims against Dr. Smith and Marc Krank based on deliberate indifference, threats/retaliation, conspiracy, negligence, and medical malpractice are **DISMISSED WITH PREJUDICE**. The Clerk is directed to terminate Dr. Smith and Marc Krank from this litigation. Plaintiff's claims against Correct Care Solutions based on an official policy or custom, threats/retaliation, conspiracy, negligence, and medical malpractice are **DISMISSED WITH**

13

**PREJUDICE**.  Because there is still a remaining claim against CCS for a failure to train/supervise, CCS is not terminated from this litigation.

2. Plaintiff's Objection (DN 117) to the Magistrate Judge's Findings of Fact and Recommendation (DN 113) is **OVERRULED**, and the R&R is **ADOPTED**.

3. Plaintiff's Motion for Medical Records (DN 106), Plaintiff's Motions to Appoint Counsel (DNs 109, 110, 112), Plaintiff's Motion for Reconsideration (DN 119), and Plaintiff's Motion to Disallow Defendants' Motion for Summary Judgment (DN 124) are **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

March 11, 2020

cc: counsel of record
Gerry Eugene Lawson, *pro se*