UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00728-GNS-RSE

GERRY EUGENE LAWSON                                                       PLAINTIFF

v.

LOUISVILLE JEFFERSON COUNTY METROPOLITAN
GOVERNMENT, et al.                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motions for Summary Judgment (DN 150, 151), Defendant's Motion for Leave to Seal (DN 152), and Plaintiff's Motion for Leave to Seal (DN 154). The motions are ripe for decision. For the reasons stated below, the motions are **GRANTED**.

### I.     BACKGROUND

#### A.     Statement of Facts

Gerry Eugene Lawson ("Lawson") initiated this lawsuit while a pre-trial detainee housed at a facility operated by the Louisville Metro Department of Corrections ("LMDC"). (Defs.' Mot. Summ. J. 1, DN 97). Lawson alleges that during his time at the LMDC he was abused, threatened, and denied proper mental health treatment in violation of his constitutional rights. (R&R 2, DN 113). Specifically, Lawson allegedly did not receive his prescribed medication, was ignored by LMDC staff, and was threatened for asking for assistance. (R&R 2-3). Following initial screening pursuant to 28 U.S.C. § 1915A, this Court outlined Lawson's claims:

> Plaintiff alleges deliberate indifference to his serious medical/health needs; being threatened for complaining/grieving about the lack of treatment and being "placed in segregation for acting out"; failure to train/supervise employees of [Correct Care Solutions], Seven Counties Services, LMDC, and Louisville Metro Government in the delivery of mental health care services to inmates in LMDC; a policy/custom

of not continuing previously prescribed medication due to cost ("'it is not on the formulary'"); and a conspiracy to deny him mental health services.

(Mem. Op. & Order 2, DN 25).

B. **Procedural History**

On June 12, 2017, Lawson filed a Second Amended Complaint asserting claims against Louisville Jefferson County Metropolitan Government; Greg Fischer, Mayor of Louisville; Mark Bolton, Director of the LMDC; CCS, medical services provider for LMDC; and Dr. Smith, psychiatrist for Core Care Solutions ("CCS") at LMDC. (Second Am. Compl. 1, DN 19). In the Court's previous Memorandum Opinion and Order, the following additional Defendants mentioned by Lawson by name but not explicitly enumerated in his Second Amended Complaint were identified: Marc Krank ("Krank"), a mental health worker for Seven Counties Services; Robert and Roberta Roe, unknown "High Management Officials [for] CCS;" and Martin Baker, a mental health worker for CCS at LMDC. (Mem. Op. & Order 2, DN 25).

The Court previously granted summary judgment: (1) in favor of Dr. Smith and Krank with respect to Section 1983 claims made against them in their individual capacities; (2) in favor of CCS and Dr. Smith with respect to the section 1983 claim in their official capacities; (3) in favor of Defendants on the conspiracy claim; (4) in favor of Krank on the retaliation claim; and (5) in favor of Defendants on all of Lawson's state law claims. (Mem. Op. & Order 6-10, DN 125). In the present motions, Defendants Martin Baker, Dwyane Clark, and Louisville Jefferson County Metropolitan Government (collectively "LMG Defendants") and CCS have moved for summary judgment. (Defs.' Mot. Summ. J., DN 150; Def.'s Mot. Summ. J., DN 151). In addition, both Lawson and CCS have moved to seal documents. (Def.'s Mot. Leave Seal, DN 152; Pl.'s Mot. Leave Seal, DN 154).

2

## II. STANDARD OF REVIEW

In determining whether Defendants are entitled to summary judgment, the Court must decide whether there is any genuine issue of material fact left for the trier of fact. *See* Fed. R. Civ. P. 56(a). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party meets its burden, then the burden is on the non-moving to provide specific evidence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In making this determination, the Court must review the cited evidence, but it may also consider other material in the record such as depositions or documents. Fed. R. Civ. P. 56(c). The Court must view the evidence in the light most favorable to the non-moving party. *Tompkins v. Crown Corr, Inc.*, 726 F.3d 830, 837 (6th Cir. 2013). But the non-moving party must do more than provide a "scintilla of evidence" in support of its position; the non-moving party must put on sufficient evidence where a jury could reasonably decide the issue in their favor. *Anderson*, 477 U.S. at 252.

It is not required that the non-moving party put on evidence that would be admissible at the trial stage. *See Celotex Corp.*, 477 U.S. at 323 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment."). The non-moving party can offer evidence such as affidavits, declarations, documents, or electronically stored information. *See id.* ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) . . . .").

## III. DISCUSSION

### A. Exhaustion of Remedies

Defendants moved for summary judgment, *inter alia*, due to Lawson's failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). (Def.'s Mem. Supp. Mot. Summ. J. 5-8, DN 23-1). The PLRA states "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.] § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all steps of a prison's grievance process. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Failure to properly exhaust bars suit in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "[T]he PLRA's exhaustion requirement is designed to give prison officials a fair opportunity to address a prisoner's claims on the merits before federal litigation is commenced." *Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017) (citation omitted). Where, as here, a party moves for summary judgment, the moving party must affirmatively show there is no "genuine dispute of material fact as to [the plaintiff's] exhaustion on administrative remedies." *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012).

The LMDC has a grievance process in place, which allows an inmate to file a grievance through the "Grievance Counselor". (Defs.' Mot. Summ. J. Ex. 3, at 4-5, DN 150-5 [hereinafter LMG Defs.' Mot. Summ. J. Ex. 3]). If the inmate is not satisfied with the response from the Grievance Counselor, he can then appeal that decision to the Director/designee. (LMG Defs.' Mot. Summ. J. Ex. 3, at 5-6). Lawson attached numerous grievances that he previously filed only

one of which, Grievance number 2805 ("Grievance 2805"), was appealed.[1] (*See* Second Am. Compl. Exs., at 3, 8-18, DN 19-1).

Lawson argues that he should be excused from the general rule of the PLRA requiring plaintiffs to exhaust administrative remedies because these remedies were effectively unavailable to him as a result of his mental illness. (*See* Pl.'s Resp. Defs.' Mots. Summ. J. 9-11, DN 159 ("[T]here is a genuine dispute whether the grievance process was available to Mr. Lawson because of his debilitating mental illness, learning disabilities, and limited education . . . .")). This argument is unpersuasive.

Lawson cites to *Braswell v. Corrections Corp. of America*, 419 F. App'x 622 (6th Cir. 2011), to support his proposition that deteriorating mental health can make the grievance process effectively unavailable. However, *Braswell* is notably different than Lawson's situation because in *Braswell* it was unclear whether plaintiff even knew he needed help, whether he was capable of filing a grievance, and whether he could comprehend the grievance filing process. *See Braswell*, 419 F. App'x at 3. Here, there was a clear grievance policy and all Lawson had to do was ask the grievance counselor for a grievance form. (*See* LMG Defs.' Mot. Summ. J. Ex. 3, at 4). In fact, Lawson utilized this process on numerous occasions including Grievance 2805 which he appealed

---

[1] Of the eleven grievances Lawson attached, seven of them do not have a grievance number clearly listed. Lawson has attached responses to some of his complaints. A response to grievance number 2769 was given to him on July 10, 2015. A response to grievance number 2795 was given to him on July 14, 2015. A response to grievance number 2931 was given to him on August 25, 2015. A response to grievance number 2892 was given to him on August 25, 2015. A response to grievance number 4031 was given to him on October 24, 2016. A response to grievance number 3019 was given to him on October 28, 2015. Grievance number 2805 was filed by Lawson on July 13, 2015. (Second Am. Compl. Exs., at 9). It is unclear when Lawson received the initial response to the grievance, but he received the response to the appeal on August 18, 2015. (Second Am. Compl. Exs., at 3).

to the director. (Second Am. Compl. Exs., at 3, 8-18). There is nothing to suggest Lawson was incapable of comprehending and using LMDC's available grievance process.

Lawson contends that he should be excused from the exhaustion requirement because exhausting administrative remedies would be futile. (Pl.'s Resp. Defs.' Mots. Summ. J. 11-12). The PLRA does not provide this Court with discretion to choose when the exhaustion of administrative remedies is required and when it is not. *See* 42 U.S.C. § 1997e(a) ("*No action* shall be brough with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (emphasis added)). "Thus, [this Court] think[s] that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001) (citation omitted).

Therefore, other than Grievance 2805, the claims from the remaining grievances will be dismissed because Lawson failed to exhaust his administrative remedies before filing the present action.

### B. <u>Deliberate Indifference to Serious Medical Needs</u>

Lawson claims that his treatment at the hands of Defendants amounted to deliberate indifference to his serious medical needs in violation of the Eight Amendment. (Second Am. Compl. 24, 27). A claim for deliberate indifference includes both an objective component and a subjective component: "The objective component requires the plaintiff to show that the medical need at issue is 'sufficiently serious[,]' . . . [while the] subjective component requires a showing that the 'official [knew] of and disregard[ed] an excessive risk to inmate health or safety.'" *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Farmer v. Brennan*, 511 U.S. 825,

834, 8-37 (1994)). In other words, a "prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer*, 511 U.S. at 837-47). This standard requires a high showing by the plaintiff, such that mere "differences in judgment between an inmate and a prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim." *Ward v. Smith*, 100 F.3d 958, 1996 WL 627724, at *1 (6th Cir. 1996) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

As noted above, Lawson only exhausted Grievance 2805, alleging he was taken to the Kentucky Correctional Psychiatric Center ("KCPC"), prescribed medication, and upon return to the LMDC his medication was changed, thus endangering his well-being.[2] (Defs.' Mot. Summ. J. Ex. 4, 12, DN 150-4 [hereinafter LMG Defs.' Mot. Summ. J. Ex. 4]). The LMDC responded by stating that Lawson was on all his court-ordered KCPC medication. (LMG Defs.' Mot. Summ. J. Ex. 4, at 12). Lawson appealed, stating that the response was untruthful. (LMG Defs.' Mot. Summ. J. Ex. 4, at 13). The LMDC stated that its medical records reflect the same prescribed medication as that prescribed at the KCPC. (LMG Defs.' Mot. Summ. J. Ex. 4, at 14). Both jail officials who reviewed Lawson's grievances, Kabibi Wood-Montgomery and Eric Troutman, noted that the medications had not changed. (LMG Defs.' Mot. Summ. J. Ex. 4, at 10-15). Lawson has not provided documentary evidence to dispute these statements. Additionally, it is undisputed that Lawson has received extensive medical care at the LMDC. (Second Am. Compl. Exs., at 5,

---

[2] In his appeal Lawson brings up the alleged threat of being put in a "turtle suit" for asking for help, but that is not mentioned in the original grievance. Additionally, the process clearly states that each grievance is limited to one issue. (LMG Defs.' Mot. Summ. J. Ex. 3, at 4). Therefore, the only grievance to be addressed at this stage is the alleged change in medication.

DN 19-1). Lawson has been prescribed variety a of medications to improve his mental health, including Remeron, Prozac, Celexa, and Zyprexa. (Defs.' Mot. Summ. J. Ex. A, at 2, 7, 16, 27, 33, DN 97-1). There is no question that Lawson's need for treatment is sufficiently serious; however, Lawson has not provided evidence to support the proposition that Defendants recklessly disregarded a substantial risk by withholding prescribed medication. *See Boot*, 58 F. App'x at 126.

Therefore, because a reasonable jury could not find in Lawson's favor that Defendants were deliberately indifferent to his medical needs, Defendants' motions will be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motions for Summary Judgment (DN 150, 151), Defendant's Motion for Leave to Seal (DN 152), and Plaintiff's Motion for Leave to Seal (DN 154) are **GRANTED**, and Plaintiff's claims against Defendants are **DISMISSED**. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

June 29, 2021

cc: counsel of record